IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-00003-FL

| | |
|---|---|
| STEVE ALLEN DILLON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>J.L. MILLS, N.C. JUDICIAL SYSTEM, )<br>PITT COUNTY SHERIFF DEPARTMENT,)<br>BEAUFORT COUNTY SHERIFF )<br>DEPARTMENT, BEAUFORT COUNTY )<br>JAIL, PITT COUNTY DISTRICT )<br>ATTORNEYS OFFICE, WITN 9, and )<br>GRAY BROADCASTING, )<br>)<br>Defendants. ) | ORDER AND<br>MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application is allowed. However, after reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), it is recommended that Plaintiff be allowed to amend his complaint and that, in the event he fails to do so, the current complaint be dismissed for the reasons stated below.

**I. STANDARD OF REVIEW**

After allowing an application to proceed *in forma pauperis*, the court must still review the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-

iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'") (citation omitted). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. FACTUAL SUMMARY

Plaintiff seeks monetary damages arising from alleged violations of his Constitutional rights in connection with his arrest and subsequent detention pending trial on a state court criminal charge for which he was later found not guilty. Compl. [DE-1-1, -1-2]. Plaintiff's complaint contains a substantial amount of surplusage. *Id.* The Federal Rules of Civil Procedure require that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, liberally construing the *pro se* complaint, the material allegations are as follows.

On April 25, 2014, Plaintiff was arrested by an unnamed Beaufort County Sheriff's deputy without a warrant or cause, was provided no explanation, and was taken to the Beaufort County Jail.

3

Compl. [DE-1-2] at 1. Plaintiff was interrogated without the benefit of a *Miranda* warning and refused to cooperate. *Id.* Plaintiff was later moved to the Pitt County Detention Center where he continued to refuse to cooperate. *Id.* Plaintiff was instructed to remove his clothing and an officer squeezed his left buttock. *Id.* A rug-like covering with a head-hole was placed over Plaintiff and he was taken to a room where his buttock was squeezed a second time. *Id.* at 1-2. Plaintiff remained in the Pitt County Detention Center for five months and suffered cruel and unusual treatment, alleging there was "[n]othing but concrete not a blade of grass," no exercise equipment, bad food, he was housed with desperate criminals, his public defender refused to seek redress for his grievances, and he was not allowed access to a law library. *Id.* at 2, 5-7. Plaintiff was repeatedly told he could go home if he pleaded guilty. *Id.* at 2. On September 23, 2014 Plaintiff was found not guilty of misdemeanor stalking but was not released until the following day and had to walk home, which was 50 miles away. *Id.* at 3 & [DE-1-3] at 1-2. WITN/9 and Gray Broadcasting displayed Plaintiff's picture in Jailbird Magazine, which was available on the internet, in an effort to hurt his character and his write-in presidential candidacy. *Id.* [DE-1-2] at 6. Plaintiff missed a court appearance on a seat belt violation in Washington, North Carolina while in custody, and as a result his license was suspended, his insurance was canceled or expired, and he now has a "failure to appear" on his record. *Id.* at 3.

### III. DISCUSSION

Plaintiff alleges his constitutional rights were violated, but does not specifically state the claims he asserts. However, reading Plaintiff's complaint liberally, it appears Plaintiff's claims arise under 42 U.S.C. § 1983. Section 1983 imposes liability on anyone who, under the color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."

4

42 U.S.C. § 1983. However, section 1983 is not a "source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citations omitted). Thus, to state a claim under § 1983, a plaintiff must allege facts indicating a deprivation of rights guaranteed by the Constitution and laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *see Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

### A.  Defendant J.L. Mills

Plaintiff alleges he was wrongfully and maliciously prosecuted and his property wrongfully retained ($1.88 was taken from Plaintiff and not returned) by Defendant J.L. Mills, a magistrate in Beaufort County. Compl. [DE-1-2] at 3 & [DE-1-3] at 1. "As judicial officers, [state] magistrates are entitled to absolute immunity for acts performed in their judicial capacity." *Rogers v. Henderson*, No. 1:14CV461, 2015 WL 2194477, at *4 (M.D.N.C. May 11, 2015) (unpublished) (quoting *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)). "That immunity is vitiated only when the judicial officer acts in the clear absence of all jurisdiction." *Pressly*, 831 F.2d at 517 (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). There are no facts alleged from which the court could find that Mills acted in a nonjudicial capacity or without jurisdiction in Plaintiff's state court criminal case. *See King v. Myers*, 973 F.2d 354, 359 (4th Cir. 1992) (affirming dismissal of § 1983 claim against state magistrate where the magistrate "did not perform a non-judicial act that was in the clear absence of all jurisdiction"). Accordingly, Defendant Mills is entitled to absolute immunity and it is recommended that the claims against him be dismissed.

5

## B. Defendants N.C. Judicial System and Pitt County District Attorney's Office

Plaintiff has named the N.C. Judicial System and the Pitt County District Attorney's Office as defendants in this matter. Compl. [DE-1-1] at 1. To the extent the "N.C. Judicial System" is the state courts or other state agency, the N.C. Judicial System is entitled to sovereign immunity. *See Philips v. N.C. State*, No. 5:15-CV-95-F, 2015 WL 9462095, at *6 (E.D.N.C. Dec. 28, 2015) (unpublished) (dismissing claims against state defendants, including the North Carolina court system, as barred by sovereign immunity). Likewise, the Pitt County District Attorney's Office is entitled to sovereign immunity. *See Ruffin v. North Carolina*, No. 5:15-CV-85-FL, 2015 WL 6457186, at *5 (E.D.N.C. Oct. 5, 2015) (unpublished) ("Eleventh Amendment immunity bars any claims against the state and [District Attorney] in his official capacity (as well the district attorney's office") (citing *Davenport v. Keith*, No. 2:14-CV-36-D, 2014 WL 5790970, at *1 (E.D.N.C. Nov. 6, 2014) (unpublished) ("Finally, the Eleventh Amendment bars plaintiff's claims for damages against [the District Attorney] in his official capacity and against the District Attorney's Office.")), *adopted by* 2015 WL 6457197 (Oct. 26, 2015).

As the Supreme Court has stated, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This immunity from suit applies not only to the State itself, but also to claims against state agencies and state officials acting in an official capacity. *See Myers v. North Carolina*, No. 5:12-CV-714-D, 2013 WL 4456848, at *3 (E.D.N.C. Aug. 16, 2013) (unpublished) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit against the state itself.") (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Will*

*v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005)). However, sovereign immunity may be waived or abrogated where the state agency has waived its immunity or where Congress has overridden that immunity. *Philips*, 2015 WL 9462095, at *6 (citing *Will*, 491 U.S. at 66). Plaintiff has not alleged any facts from which the court could find that sovereign immunity has been waived or abrogated. Accordingly, it is recommended that the claims against Defendants N.C. Judicial System and the Pitt County District Attorney's Office be dismissed.

## C.   Defendants Pitt County Sheriff's Department, Beaufort County Sheriff's Department, and Beaufort County Jail

Plaintiff has named the Pitt County Sheriff's Department, Beaufort County Sheriff's Department, and the Beaufort County Jail as defendants in this matter. "State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." *Hill v. Robeson Cnty., N.C.*, 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010) (quoting *Efird v. Riley*, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004) & citing *Avery v. Cnty. of Burke*, 660 F.2d 111, 113-14 (4th Cir. 1981)). "N.C. Gen. Stat.§ 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department." *Harris v. Foy*, No. 5:09-CT-3124-FL, 2012 WL 2339503, at *2 (E.D.N.C. June 19, 2012) (unpublished). Therefore, under North Carolina law, a sheriff's department "lacks legal capacity to be sued." *Hill*, 733 F. Supp. 2d at 690 (citations omitted). Likewise, "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit." *Gould v. Bertie Cnty.*, No. 5:14-CT-3066-FL, 2014 WL 3854076, at *1 (E.D.N.C. Aug. 5, 2014) (unpublished) (quoting

*Preval v. Reno,* No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) & citing *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)). Accordingly, it is recommended that the claims against Defendants Pitt County Sheriff's Department, Beaufort County Sheriff's Department, and the Beaufort County Jail be dismissed.

### D. WITN/9 and Gray Broadcasting

Plaintiff has named WITN/9 and Gray Broadcasting as defendants in this matter based on their publication of his photograph in Jailbird Magazine. To the extent Plaintiff attempts to bring a claim under § 1983 against these Defendants it necessarily fails because there are no allegations from which the court could find that WITN/9 and Gray Broadcasting were acting under the color of state law.

Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (quotation marks and citations omitted); *see Armstrong v. Medlin Motors, Inc.,* No. 5:12-CV-00806-FL, 2013 WL 1912590, at *2 (E.D.N.C. Apr. 15, 2013) (unpublished) ("Although Plaintiff asserts that '[t]he conduct complained of was engaged in under color of state law,' . . . he alleges no facts demonstrating any delegation of state authority to Defendants or other relationship between Defendants and the state as to render Defendants state actors for purposes of § 1983 liability"), *adopted by* 2013 WL 1932233 (E.D.N.C. May 8, 2013). Such a limitation "preserves an area of individual freedom" by recognizing that "most rights secured by the Constitution are protected only against infringement by governments." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 936 (1982) (citation omitted). Sometimes a private party's actions may be deemed "state action," but only when "the state has so dominated such activity as to convert it to state action[.]" *Philips,* 572 F.3d at 181;

8

*Rodgers v. Waste Indus., Inc.*, No. 4:12-CV-294-FL, 2013 WL 4460265, at *4 (E.D.N.C. Aug. 19, 2013) (unpublished) (explaining that private action may be found to constitute state action "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.") (quoting *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. June 28, 1993)), *aff'd*, 553 F. App'x 332 (4th Cir. Jan. 31, 2014). "Mere approval of or acquiescence in the initiatives of a private party is insufficient." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (quotation marks and citation omitted). Here, WITN/9 and Gray Broadcasting are private entities, and there is no allegation that could be read to suggest these Defendants were acting under the color of state law. Thus, they not subject to liability under § 1983.

To the extent Plaintiff attempts to bring a state law claim such as defamation against these Defendants, Plaintiff has failed to plead any grounds for jurisdiction in this court. Federal courts have limited subject matter jurisdiction and "there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The district court has (1) federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and (2) diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ," 28 U.S.C. § 1332(a)(1). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399; *New*

9

*River Lumber Co., Inc. v. Graff*, 889 F.2d 1084 (4th Cir. 1989) ("To establish Section 1332 jurisdiction, a moving party must affirmatively allege . . . the essential elements of diversity on the face of his complaint."); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleadings the facts essential to show jurisdiction"); *McPherson v. Highlander Rentals, Inc.*, No. 4:07-CV-162-F, 2008 WL 2149765, at *3-4 (E.D.N.C. May 21, 2008) (unpublished) (dismissing complaint where plaintiff failed to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the allegations of the complaint fail to establish the requisite diversity between the parties needed for jurisdiction under 28 U.S.C. § 1332(a)(1)). Plaintiff has failed to plead any federal question claims against these Defendants and there are no allegations from which the court could find that diversity jurisdiction exists. Where it is recommended that Plaintiff's federal claims be dismissed based on immunity, the court may decline to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367 (c)(3) (providing that a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert Cnty.*, 401 F.3d 274, 277 (4th Cir. 2005) (concluding that having dismissed federal claims, the district court properly declined supplemental jurisdiction of state claims); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (recognizing that under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Accordingly, it is recommended that the claims against WITN/9 and Gray Broadcasting be dismissed.

## IV. CONCLUSION

In sum, the Defendants named in the complaint are either immune from suit or there is no basis for the court to exercise its jurisdiction. However, liberally construing the *pro se* Plaintiff's complaint to allow for the development of potentially meritorious claims, there are allegations in the complaint that could state a potentially cognizable claim as to unnamed defendants. It is therefore RECOMMENDED that Plaintiff be allowed 14 days to amend his complaint. *See Abdissa v. UNC Chapel Hill*, No. 15-2187, 2016 WL 828052, at *1 (4th Cir. Mar. 3, 2016) (unpublished) (per curiam) (vacating and remanding to allow *pro se* plaintiff to amend the complaint where it did not appear beyond doubt that plaintiff's complaint lacked an arguable basis in law or in fact) (citing *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam) (holding that if *pro se* complaint contains potentially cognizable claim plaintiff should be given opportunity to particularize allegations)); *Cadmus v. Williamson*, No. 5:15-CV-045, 2016 WL 1047087, at *14 (W.D. Va. Mar. 10, 2016) (unpublished) (finding proposed amended complaint to be futile but nevertheless allowing the pro se plaintiff the opportunity to file another amended complaint alleging any claim not barred by the Eleventh Amendment or judicial immunity). In the event Plaintiff fails to amend his complaint, it is RECOMMENDED that the current complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). It is ORDERED that Plaintiff's application to proceed *in forma pauperis* is ALLOWED.

It is DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **April 4, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which

11

objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

SO ORDERED AND SUBMITTED, the 21 day of March 2016.

Robert B. Jones, Jr.
United States Magistrate Judge