IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CV-00003-FL

| | |
|---|---|
| STEVE ALLEN DILLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| J.L. MILLS, N.C. JUDICIAL ) | |
| SYSTEM, PITT COUNTY SHERIFF ) | |
| DEPARTMENT, BEAUFORT ) | |
| COUNTY SHERIFF DEPARTMENT, ) | |
| BEAUFORT COUNTY JAIL, PITT ) | |
| COUNTY DISTRICT ATTORNEYS ) | |
| OFFICE, WITN 9, and GRAY ) | |
| BROADCASTING ) | |
| ) | |
| Defendants. | |

This matter comes before the court on plaintiff's motion to proceed in forma pauperis under 28 U.S.C. § 1915 (DE 1). On March 22, 2015, United States Magistrate Judge Robert B. Jones, Jr., entered a Memorandum and Recommendation ("M&R"), wherein it is recommended that plaintiff's motion to proceed in forma pauperis be denied unless plaintiff amends the complaint to address the infirmities. (DE 3). Plaintiff filed an objection to the M&R and an amended complaint on April 1, 2016. (DE 4, 5). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and dismisses plaintiff's claims.

**DISCUSSION**

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Plaintiff filed a pro se complaint on January 11, 2016, alleging that defendants conspired to violate his First, Second, Fourth, Fifth, Sixth, Eighth, and Ninth Amendment rights in connection with his arrest and subsequent detention pending trial on a state court criminal charge for which he

was later found not guilty. (See Compl., DE-1; Obj., DE 4; Am. Compl., DE 5). Plaintiff does not allege any specific statute that defendants violated, but 42 U.S.C. § 1983 provides a cause of action for alleged constitutional violations. Plaintiff seeks the following relief: (1) $30,000,000 in compensatory damages; (2) the imprisonment of defendant J.L. Mills; and (3) the termination of defendant J.L. Mills' employment as a state magistrate.

The magistrate judge, correctly noting that plaintiff had not named any defendants against whom such a claim could proceed, recommended that plaintiff be granted leave to amend his complaint to name a defendant against whom the claims could proceed, or, if plaintiff failed to do so, for the complaint to be dismissed as frivolous. (DE 3).

Plaintiff subsequently filed a pair of documents, entitled "Objections" and "Amended Complaint", that each contain a lengthy and disjointed narrative styled as amendments and objections. Plaintiff's objections primarily serve to reiterate his grievances with various parties. (See e.g. am. compl. 7) ("I object to these monopolies as unreasonable . . ."). Where they do discuss the recommendations of the magistrate judge, they are general and conclusory. (See, e.g. obj. 17) ("I object to any immunities you are not immune to me Common law will not allow it.").

As these objections are only general and conclusory, the court reviews only for clear error, and need not give any explanation for adopting the M&R. See Colonial Life, 416 F.3d at 315; Camby v. Davis, 718 F.2d at 200.

The magistrate judge recommends that the complaint be dismissed, as (1) defendant J.L. Mills is entitled to judicial immunity; (2) defendants North Carolina Judicial System and Pitt County District Attorney's Office are entitled to sovereign immunity; (3) defendants Pitt County Sheriff's Department, Beaufort County Sheriff's Department, and Beaufort County Jail are not entities that

3

can be sued under state law; and (4) plaintiff has failed to allege that defendants WITN/9 and Grey Broadcasting acted under color of state law. After careful review of the record, the court finds no clear error in the recommendations of the magistrate judge as to any of the defendants.

First, judicial officers enjoy absolute immunity for acts performed in their judicial capacity, and that immunity is vitiated only when the judicial officer acts without jurisdiction. Pressly v. Gregory, 831 F.2d 514 (4th Cir. 1987). Defendant J.L. Mills, as a state magistrate (DE 1-3) is such a judicial officer, and there are no facts alleged in any of plaintiff's filings from which the court could find that defendant Mills acted in either a non-judicial capacity or without jurisdiction. Thus, the claims against defendant J.L. Mills must be dismissed.

Second, as noted in the M&R, the Eleventh Amendment provides immunity to state agencies from suits by private citizens in federal court. See U.S. CONST. amend XI; Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997). This is not limited to citizens of another state, as "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). Thus, the claims against defendants Pitt County District Attorney and North Carolina Judicial System must be dismissed.

Third, "The capacity of a governmental body to be sued in federal court is governed by the law of the state in which the district court is held." Avery v. Burke County, 660 F.2d 111, 1130114 (4th Cir. 1981). Where there exists no North Carolina statute authorizing suit against a governmental body, that governmental body does not have the capacity to be sued in federal court. Id. District courts in North Carolina have found that sheriff departments do not have capacity to be sued. See, e.g., Parker v. Bladen County, 583 F.Supp.2d 736 (E.D.N.C. 2008). Likewise, "the jail is not a person amenable to suit." Gould v. Bertie County., No. 5:14-ct-0366-FL. 2014 WL

4

33854076, at *1 (E.D.N.C. Aug. 5, 2014). The claims against defendants Pitt County Sheriff's Department, Beaufort County Sheriff's Department, and Beaufort County therefore must be dismissed.

Fourth, the "under color of state law" element of § 1983 requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988). Plaintiff's allegations of conspiracy do not meet this requirement, and the claims against defendants Gray Broadcasting and WITN/9 therefore must be dismissed.

Plaintiff's Amended Complaint names nine new defendants: "Pitt County Commissioners," "Beaufort County Commissioners," "Beaufort County," "Attorney General Office,"[1] "North Carolina Bar Association," "United States of America," "U.S. Inspector Generals (Judicial)," "Beaufort County District Attorney," "Pitt County Detention Center," and "United States Attorney." However, not only does plaintiff's amended complaint does not address potential claims noted by the magistrate judge, but it fails to state a claim against the additional defendants, most of whom are also immune from suit.

While plaintiff's amended complaint names as defendants Pitt County Commissioners, Beaufort County Commissioners, Beaufort County, and the United States Government, it does not present a cognizable claim against them. Instead, it discusses in general and conclusory terms plaintiff's grievances with them. (See obj. 8 "I hold you for funding irresponsibility, misuse of proper funding."). Similarly, the allegations against defendants U.S. Attorney, United States Attorney, North Carolina Bar Association, and U.S. Inspectors General relate to their refusal to

---

[1] It is unclear from either the amended complaint or objections whether this is meant to be the US Attorney General or the North Carolina Attorney General. (DE 4, 5).

5

investigate or represent plaintiff with respect to his detention and imprisonment. (See obj. 1) (" . . . trying to get someone to represent or aid me in trying to right a wrong. Most of you hid behind the door."). These allegations do not support a claim for which relief may be granted. Thus, the claims against defendants Pitt County Commissioners, Beaufort County Commissioners, Beaufort County, and the United States Government must be dismissed.

As for immunity, Defendant Pitt County Detention Center is a jail, and, as discussed, is therefore not an entity that has the capacity to be sued in North Carolina. See Gould, 2014 WL 33854076, at *1. Similarly, defendant Beaufort County District Attorney is a state agency, and as discussed, the Eleventh Amendment provides immunity to state agencies from suits by private citizens in federal court. See Regents v. Doe, 519 U.S. at 429. Moreover, while plaintiff mentions defendant Beaufort County District Attorney, his complaint does not make any allegations of wrongdoing, but instead asks rhetorical questions about their relationship with defendant Pitt County District Attorney. Thus, the claims against defendants Pitt County Detention Center and defendant Beaufort County District Attorney must be dismissed.

Moreover, the United States as a sovereign, and its agencies, are immune from suit without its consent, which must be explicit and strictly construed. See United States v. Testan, 424 U.S. 392 (1976); Lehman v. Nakshian, 453 U.S. 156 (1981). Defendant Inspector General (Judicial), to the extent it is a federal agency, also enjoys this immunity. Plaintiff's amended complaint does not provide any basis for a such a waiver of immunity. Therefore, the claims against defendants United States and Inspector General must be dismissed.

While it is unclear whether defendant "Attorney General's Office" was meant to apply to the North Carolina Attorney General or the U.S. Attorney General, that defendant would be immune

from this suit as either a federal agency or a state agency, as discussed. See Testan, 424 U.S. 392; see also Regents v. Doe, 519 U.S. at 429. Thus, the claims against Attorney General's Office must be denied.

## CONCLUSION

Based on the foregoing, and upon considered review of the M&R, the court ADOPTS the M&R. (DE 3). The court DISMISSES plaintiff's claims as asserted in the complaint and amended complaint for the reasons stated herein and in the M&R, upon frivolity review. Accordingly, the action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to close this case. SO ORDERED, this the 2nd day of June, 2016.

LOUISE W. FLANAGAN
United States District Judge